| | |
|---|---|
| 19 | 155 |
| 20 | 603 |
| 19 | 155 |
| 26 | 704 |
| 19 | 155 |
| 31 | 373 |

</div>

GEO. V. SUYDAM, PLAINTIFF IN ERROR, v. THE COUNTY OF MERRICK ET AL., DEFENDANTS IN ERROR.

1. **Taxes:** BOARD OF EQUALIZATION. The county commissioners sitting as a board of equalization have the power to increase, or diminish, the aggregate valuation of any precinct, by adding or deducting such sum upon the hundred as may be necessary to produce a just relation between all the valuations of property in the county ; and for such purpose, it is not necessary that complaint should be made or notice served.

2. ——: ——: INCREASE OF VALUATION. But such board has not the power to increase the aggregate valuation of all the precincts, except in such an amount as may be actually necessary, and incidental to a proper and just equalization.

3. ——: ——: ——. An increase of $114,382.43 in an ag-

gregate valuation of $1,296,419.10 is a greater increase than can be deemed "actually necessary and incidental to a proper and just equalization."

ERROR to the district court for Merrick county. Tried before POST, J.

*A. Ewing,* for plaintiff in error.

*John Patterson,* for defendant in error.

COBB, J.

This action was brought by Geo. V. Suydam, a tax payer of Loup precinct, Merrick county, Nebraska, for himself as well as for all others, the tax payers of said precinct contributing to the expense of the action (over eighty persons), to have reviewed by petition in error the action of the board of county commissioners of said county, whilst sitting as a board of equalization of taxes for the year 1885, in increasing the aggregate valuation of the property of all the precincts of said county, as made and returned by the assessors thereof; said valuation as made by the assessors being $1,296,419.10. The said board, while so sitting, increased said valuation in the sum of $114,382.-43, about $9\frac{1}{2}$ per cent. Of this increased valuation on all the property of said county as returned by the assessors, $53,-544.70 was made upon said Loup precinct. Said increased valuation was made arbitrarily and without notice to the owners thereof, and without having evidence before them upon which to base their said action, being merely voted upon by them upon motion. At the trial of said cause in said district court, judgment was had finding no error in said proceedings of said board of equalization, and dismissing said petition in error, etc.

The said plaintiff in error brings the cause to this court on error, and assigns the following errors to the said district court:

" 1. The court erred in not sustaining each and every point in plaintiff in error's petition in error as follows, to-wit:

"*First.* Said board of county commissioners has not and had not any power in law to increase as they did the aggregate of valuations of the property óf all the precincts of said county as returned by the assessors thereof in the sum of $114,382.43.

"*Second.* Said board of county commissioners has not and had not any power in law to increase the valuation of said Loup precinct without giving notice to the owners thereof, by a mere arbitrary exercise of power, without having any lawful evidence before them upon which to base their said action.

" 2. The court erred in affirming the judgment and proceedings of said board of county commissioners, and in dismissing said petition in error, and in giving judgment for costs against plaintiff in error and in awarding execution to carry into effect said judgment.

" 3. The court erred in not sustaining the errors alleged by plaintiff in error to the proceedings of said board.

" 4. The court erred in refusing to reverse, vacate, and set aside the judgment of said board of county commissioners in changing and increasing the valuation of Loup precinct and increasing the aggregate of the valuation of the property of all the precincts of said county as returned by the assessors thereof, as prayed for in said petition in error."

The two substantial errors above assigned will be considered in the inverse order in which they are presented.

"Second. Said board of county commissioners has not and had not power," etc.   The following is a copy of the section of statute under which the board of county commissioners acted in the proceedings complained of:   "The county board shall hold a session of not less than three nor more than twenty days, for the purpose contemplated in this section, commencing on the first Tuesday in June annually, after the return of the assessment books, and shall, *First,*

Assess all such lands as have been listed by the county clerk, and not assessed by the assessor. Said board may make such alterations in the descriptions, if it shall be deemed necessary. *Second,* On the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to be just. No complaint that another is assessed too low shall be acted upon until the person so assessed or his agent shall be notified of such complaint, if a resident of the county; *Provided,* that in the counties under township organization, that such application shall have been made to the town board of equalization and been rejected by them. *Third,* It shall ascertain whether the valuation of one township, precinct, or district bears just relation to all the townships, precincts, or districts in the county; and may increase or diminish the aggregate valuation of property in any township, precinct, or district by adding or deducting such sum upon the hundred as may be necessary to produce a just relation between all the valuations of property in the county, but shall in no instance reduce the aggregate valuation of all the townships, precincts, or districts below the aggregate valuation thereof as made by the assessors; neither shall it increase the aggregate valuations of all the townships, precincts, or districts, except in such an amount as may be actually necessary and incidental to a proper and just equalization," etc.    Comp. Stat., Ch. 77, § 70.

It is difficult to conceive how there can be any two constructions placed upon this section. When complaint is made that a certain individual is assessed too low, then it is a condition precedent to action thereon by the board, that such individual owner have notice of such proceeding. But the increase of the assessment of a precinct is not made upon any one's complaint, but arises in the official mind and judgment of the commissioners, upon an inspection and comparison of the assessment rolls of the several pre-

cincts. The law has designated no officer or person upon whom notice could be served or to represent the precinct at such equalization. The county commissioners themselves are the only and proper representatives of the precinct, and as they constitute the board of equalization no notice need be served on them. Again, the language of the section expressly requiring notice in the one case and no mention being made of it in the other, it falls within the legal maxim " *Expressio unius est excludio alterius.*"

The section of statute above quoted was not in force at the date of the opinion in the case of *The South Platte Land Co. v. Buffalo Co.*, 7 Neb., 253, nor *Dundy v. Richardson Co.*, 8 Neb., 508, hence those cases are not authority on the question here presented.

I think it equally clear that in equalizing the assessment as between the several precincts of the county, under the provisions of the section above quoted, the board acts upon the knowledge and judgment of its own members, and not upon the testimony of witnesses. The commissioners usually are, and always should be, selected for their thorough knowledge of the county, as well as for their general intelligence and probity. They are selected from the center and two extremes of the county, presumably for some reason, and I know of none other than to secure in the board one member of peculiar knowledge of and acquaintance with the affairs of each locality of the county. It must, therefore, usually be unnecessary for the board to call witnesses to inform it of the relative values of property in the several precincts of the county, but to permit them to do so would tend to a shirking of responsibility on their part unauthorized by law, and likely to be subversive of good local government.

Upon the first point, that the board had no power to increase the aggregate assessed value of the county, etc., I think the language and meaning of the section equally clear. The duty of the board is to equalize. It has no

power to raise the valuation of the one precinct and lower that of another, except for the purpose and the sole purpose of bringing their valuation to a common point of equality. When a county is divided into several towns or precincts, as in the case at bar, and the assessment is made in each by an independent assessor, it is usually the case that some one or more of them rate the property assessed at a maximum valuation, some at a minimum, while some individual or group of assessors will find the happy medium or true valuation. It is the duty of the board to find this medium, adopt it as the true standard, and raise the one extreme and lower the other to it, and thus leave the general result or common aggregate of valuation of the property of the whole county neither raised nor lowered, "except in such an amount as may be actually necessary and incidental to a proper and just equalization."

It appears from the record that Merrick county, in which the case at bar arose, is divided into thirty-five precincts. At the equalization now under consideration the assessment in none of them was deemed the medium, but all were either raised or lowered. The valuation of eleven of them was lowered $51,569.50, and of the other twenty-four was raised $165,951.93, leaving an increase or raise of the aggregate valuation of the county of $114,382.43. Now can it be said that such an increase as this was actually necessary, and incidental to a proper and just equalization? I think not, but that in making it the board exceeded its powers as plainly defined by statute.

I conclude, therefore, that the district court erred in upholding the action of the board of equalization.

The judgment of the district court is therefore reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.