JOSEPH FIELDS v. J. M. RUSSELL, *as Sheriff, etc.*

1. COUNTY BOARD, *May Raise or Lower Assessments.* Where the board of county commissioners meets as a board of equalization, under the provisions of art. 11, ch. 107, Comp. Laws of 1885, such board has the right to raise or lower the assessment of any township by its own motion, and without a hearing or evidence, upon individual assessments.

2. PERSONAL PROPERTY; *When Mortgagor to Pay Tax Thereon.* Where personal property is in the possession of the mortgagor on the first day of March, it is subject to assessment and taxation as the property of such mortgagor, and such mortgagor is not entitled to credit on his assessment for the amount due by him on such mortgage.

*Error from Wabaunsee District Court.*

ACTION brought by *Fields* against *Russell*, as sheriff of Wabaunsee county, to enjoin the defendant from the collection of a tax levied upon certain personal property of plaintiff. The record discloses the following facts: That the plaintiff was a resident of Wabaunsee county, and was on March 1, 1885, duly assessed by the trustee of Alma township in said county; and that among other property, plaintiff owned 157 head of neat cattle, which were assessed at $3,840; that on the first Monday in June, 1885, the board of county commissioners of said county met as a board of equalization; that said board, without hearing any evidence, but upon its own motion, raised the assessment of all the personal property of Alma township 10 per cent., thereby increasing the assessed valuation of plaintiff's personal property 10 per cent.; that said board also increased the assessment in other townships in said county, and reduced others, while others remained as returned by the said assessor; that there was levied upon such assessment and valuation, for state tax, 4 mills; county, 10 mills; poor-fund, 2 mills; interest on railroad bonds, 3½ mills; school district, 16 mills; county road tax, 3 mills; township tax, 6 mills: making a total of 38½ mills. It is also shown that the neat cattle so assessed were purchased by plaintiff in

October, 1884, and as part of the purchase-price thereof plaintiff executed a chattel mortgage to one Bryan, of Osage county; that said mortgage was for the sum of $4,000; that said mortgage was on the first day of March in full force; that afterward plaintiff made application to the board of county commissioners to have said assessment changed and corrected, and to give him credit thereon for the sum of $4,000, the amount of his indebtedness on said cattle, which the board refused to grant. Trial by the court, at the October Term, 1886, and judgment for the defendant, and the temporary injunction dissolved. Plaintiff brings the case here for review.

*Geo. G. Cornell,* and *A. H. Case,* for plaintiff in error.

Opinion by CLOGSTON, C.: The facts are substantially admitted, and upon these facts the plaintiff contends that the board of equalization had no authority or right to raise the assessment of Alma township; second, that plaintiff was entitled to a credit on his assessment of the amount of the incumbrance on the neat cattle; third, that the poor-fund tax of two mills and also the three-mill county road tax levied on the said assessment are both illegal. Section 74, ch. 107, of the tax law, provides for a board of equalization and prescribes its duties, which are that it shall meet on the first Monday in June, and "proceed to fairly and impartially equalize the valuation of personal property." There is no provision in said article for the introduction of evidence to the board, or for any hearing. The duty is upon the county commissioners, as a board, to equalize these taxes. It is true the board might proceed—and it would be very proper for it to do so—to hear evidence so as to arrive at an impartial assessment; but the board is not obliged to do so. Counties are divided into commissioner districts, and the board is supposed to know the value of property in the county; and when the commissioners meet as a board and find that some townships have been assessed at a higher rate than others, it is the duty of the board, under this law, to equalize these assessments. Of course

46 — 38 KAS.

when it comes to individual assessments, on the complaint of an individual, the board might also do this without proof, or might do it after hearing and proof.

The second complaint urged presents a more difficult problem for solution. The tax law is based upon what is supposed to be an equitable adjustment, so that in the end property may bear its just proportion of taxes. While this is the object, yet there must of necessity be many cases where injustice is done. Property ought not to bear a double assessment; it ought to appear only once in the same year on the tax-rolls, in any form. Where property, as is this case, is held by a mortgagor in possession, both the property so incumbered and the indebtedness appear upon the tax-rolls, and this is one of the cases where the tax law seems to be unjust; but as long as property is assessed and taxes collected thereon, there must be some general rules for the government of such proceedings. If only the equity of the party holding the property should be taxed, it would lead to endless trouble, expense and litigation. The property may be traced and all put upon the tax-roll, but when it comes to the indebtedness thereon it would be almost impossible to reach and ascertain its amount and extent. If it is sought to include liens and indebtedness on property, then it must include those that are not of record as well as those that are. The plaintiff was the owner of this property; he was in possession of it; and while he had created a lien thereon, which for the purpose of a lien transferred the legal title to the mortgagee, yet this property, under our rules of taxation, was subject to taxation. While as we said, it seems to work a hardship, yet we think the assessment valid.

Counsel say in their brief that the poor-tax was illegal; yet no reason is assigned why this tax is illegal, and no authorities are cited. Section 35 of ch. 79, Comp. Laws of 1885, gives the county commissioners ample authority to make this levy, and as our attention has not been called to anything in conflict with this section, we must hold that tax valid. The same may also be said of the road tax. Section 21, ch.

89, of the road law, provides that the county commissioners may annually levy a road tax, not exceeding three mills on the dollar. Counsel suggest no reason why this tax is void. Both of these taxes must be upheld, and for the foregoing reasons we recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.