THE STATE OF NEBRASKA, EX REL. LINCOLN LAND CO., v. H. C. EDWARDS ET AL.

[FILED JUNE 13, 1889.]

1 **Taxes:** EQUALIZATION. The county board of equalization has power under the third subdivision of section 70, chapter 77, Compiled Statutes, to increase or diminish the aggregate valuation of any precinct or township by adding or deducting such sum as may be necessary to produce a just relation between the

valuations of the several precincts or townships of the county; but it cannot increase the aggregate valuation of all the precincts or townships except in such an amount as may be actually necessary and incidental to a proper and just equalization.

2. ———. A complaint is necessary, first, where the complainant is aggrieved by his own assessment; and second, where he is aggrieved by the low assessment of another. Notice must be given the party to be affected; but in equalizing the valuations between the different precincts or townships of a county, no complaint or notice is required. The rule as stated in *South Platte Land Co. v. Buffalo Co.*, 7 Neb. 253, and *Dundy v. Richardson Co.*, 8 Id. 508, has been changed by statute.

ORIGINAL application for mandamus.

*Marquett, Deweese & Hall*, for relator.

*O. P. Mason*, and *S. B. Brierly*, for respondent.

MAXWELL, J.

The county commissioners of Perkins county, as a board of equalization of that county, made certain changes raising the assessment in several of the townships of that county, and a writ is prayed to compel them to strike such increase from the records. The case is submitted to the court on the petition and answer. There is but little dispute as to the facts, and they are stated in the answer as follows:

"And your respondents further represent that on said 16th day of June, 1888, among other business transacted by said respondents, while sitting and acting as a board of equalization, and in the discharge of their duties as such board of equalization, the following proceedings were had and done, and the same were duly recorded by the clerk of said board, which proceedings were as follows:

"'June 16th, 1888.

"'Objections having been filed by the Lincoln Land Company's attorney to the assessment of Venango town-

site lots, after considering the objections and taking counsel from the county attorney, the following motion was introduced: Moved and carried to deduct 20 per cent from the assessed valuation of Venango real estate. Carried. The board then proceeded to the equalization of the following property of the following towns, as follows:

"'Venango, deduct 20 per cent; Lisbon, add 25 per cent; Grant, add 80 per cent; Madrid, deduct 10 per cent; Elsie, add 10 per cent, to the assessed valuation.

"'Moved and seconded to adjourn to meet Friday, June 22d, 1888.          H. C. EDWARDS, *County Clerk,*
"'By D. E. GRAY, *Deputy.*'

"And your respondents further show to the court that twenty per cent from the assessed valuation of relator's real estate in Venango was deducted upon the application of said relator; that all the other deductions and additions made, were made as a part of the process of equalization of the assessed valuation of the property in the various towns of said county.

"And your auditors further submit to the court under the advice of counsel, that the said proceedings were in all things regular, and in accordance with the statute — section 70, Equalization of Assessments, chapter 77, pages 596 and 597, Compiled Statutes, Nebraska. And under the said statutes it is made the duty of said board of equalization to ascertain whether the valuation of one township, precinct, or district, bears just relations to the townships, precincts, or districts, in the county; and they are authorized to increase, diminish, or aggregate, the valuations of property in any township, precinct, or district, by adding or deducting such sum upon the hundred as may be necessary to produce a just relation between all the valuations of the property in the county; that this was done after said relator's property had been reduced 20 per cent from said valuation returned by the assessor.

"And your respondents, in further answering, say that the said relator was present by their counsel, C. P. Logan, during the whole of said proceedings, both at the time when 20 per cent was deducted from the valuation of the relator's property, and during the time when and all of said time that said board was in session, and proceeded to equalize the assessments in the various towns in said county, in the manner herein set forth, and that the said relator, neither at said time nor any time subsequent to the time thereto, appealed from said order of said commissioners, or made any objections to said equalization. And your respondents, in further answering, show that the assessed valuation of the real estate of the towns of Grant, Madrid, Venango, Lisbon, and Elsie, as returned by the assessors, was as follows: Grant, $15,906; Madrid, $8,109; Venango, $22,842; Lisbon, $1,596; Elsie, $3,097; total, $51,550. The following, as shown and as determined by the board of equalization of the several precincts above named, was as follows: Venango, $10,335; Lisbon, $1,986.50; Elsie, $3,457.30; Grant, $28,430; Madrid, $7,297.60; total, $51,488.40, showing the total value as determined by the board of equalization was less than the total value returned by the assessors of the said several precincts; that the valuation, changes, and additions, were made to equalize the several assessments as returned by the board of equalization."

An exhibit of the valuation of the real estate of the towns of Grant, Madrid, Venango, Lisbon, and Elsie, as returned by the assessors was attached to the petition. Also an exhibit showing the valuation of these same towns as determined by the board of equalization. The exhibits referred to show that the allegations of the answer are true. The case therefore falls directly within the rule laid down in *Suydam v. Merrick Co.*, 19 Neb. 155, that a county board of equalization has the power to increase or diminish the aggregate valuation of any precinct by adding

or deducting such sum upon the hundred as may be necessary to produce a just relation between the valuations of several precincts in the county, the increase in valuation not to exceed the aggregate valuation of all the precincts as they were returned by the assessors; except in such an amount as may be actually necessary and incidental to a proper and just equalization. This power is granted by the third subdivision of section 70, chapter 77, Compiled Statutes. In equalizing the assessments of the several precincts or townships of a county, no complaint of inequality is necessary, nor need notice of such intended action be given. (*Suydam v. Merrick Co.*, 19 Neb. 155.) The statute in that regard has been changed since the case of *South Platte Land Co. v. Buffalo Co.*, 7 Neb. 253, and *Dundy v. Richardson Co.*, 8 Neb. 508, were decided. (See *Suydam v. Merrick Co.*, 19 Neb. 159.)

The relator contends that the board has no authority to act until a complaint is filed setting forth the grievance complained of. There are two classes of cases in which to authorize the action of the board: a complaint must be filed, first, where the complainant is aggrieved by his own assessment; and second, where he is aggrieved by the low assessment of another. (*State v. Dodge Co.*, 20 Neb. 600.) The reason for requiring a complaint in such cases, and notice to the party to be affected, is obvious. The assessor has performed his duty under oath, and the tax payer is supposed to have listed his property under the like obligation; and the valuation of the property of all persons is supposed to be based on the same rules. Objections to the assessment of any particular individual or individuals, therefore, may be the failure to list all the property that is in the party's possession, or to the valuation placed thereon by the assessor. It thus may be an attack upon the owner of the property, or of the assessor, or of both, and it is necessary that the examination be open and testimony taken in the case, and that all parties have a fair

45

hearing.    As between the assessors of the different pre-cincts or townships, however, there may be great inequalities in the assessment.    Thus, the assessor of one precinct may value land at fifteen dollars per acre, while the assessor of another precinct may value land of the same kind at but five dollars per acre, and both assessors be honest in the performance of their duties.  It thus becomes necessary to clothe the county board of equalization with power to equalize the valuations between the different precincts or townships of a county; and in such case the statute has made no provision for a complaint or notice.    The board therefore had authority to act in the premises, and its judgment cannot be attacked by mandamus.

The writ is therefore denied.

WRIT DENIED.

THE other Judges concur.