STATE, EX REL. LINCOLN LAND CO., v. H. C. EDWARDS ET AL.

[FILED FEBRUARY 10, 1891.]

**Taxes:** EQUALIZATION. The board of equalization of a county, in equalizing the assessments between the different precincts, or townships, may consider lands, village or city lots, and personal property, not assessed by the state board of equalization, separately, and determine a separate rate per cent of addition or reduction for each of said classes, as may be necessary to a just and proper equalization thereof. All the property in a precinct or township, belonging to the same class, must be increased or

24

diminished in the same ratio. The value of one class of property in a precinct may be increased or diminished, if necessary, without disturbing the assessed valuation of another class. But the aggregate valuation of all the precincts of the county cannot be reduced below that returned by the assessors, nor can such valuation be increased, except in such an amount as may be actually necessary and incidental to a proper and just equalization.

REHEARING of case reported 26 Neb., 701.

*Marquett, Deweese & Hall,* for relator, cited: *State, ex rel. Goff, v. County Board,* 20 Neb., 595; *S. C. & P. R. Co. v. Washington Co.,* 3 Id., 30; *South Platte Land Co. v. Buffalo Co.,* 7 Id., 253; *Dundy v. Richardson Co.,* 8 Id., 508; *McKee v. Supervisors,* 53 Id., 477.

*O. P. Mason, S. B. Reed,* and *S. B. Brierly, contra.*

NORVAL, J.

This case was decided at the January term, 1889, and is reported in 26 Neb., 701. In the opinion handed down it was held that the county board of equalization has the power to increase or diminish the assessed valuation of a precinct or township by adding or deducting such sum as may be necessary to produce a just relation between the valuations of the several precincts or townships of the county, without a complaint being filed or notice given of such intended action. On motion of the relator a rehearing was granted and the case again submitted.

The point is made that the court erred in the former opinion in treating the action of the board of equalization as raising the assessed valuation of an entire precinct. An examination of the petition and answer, and the exhibits attached to the same, shows that the board did not change the assessed valuation of all the taxable property of any precinct, but increased the valuations of the lots in the

towns of Lisbon, Grant, and Elsie, which constitute a portion of the precincts in which they are located.

The question is therefore presented whether the board of equalization of Perkins county had the power, without complaint and notice, to add to the assessed valuation of the lots in the towns above named.

Section 70 of the revenue law provides that "The county board shall hold a session of not less than three nor more than thirty days, for the purpose contemplated in this section, commencing on the first Tuesday after the second Monday in June, annually, after the return of the assessment books, and shall : First—Assess all such lands or lots as have been listed by the county clerk, and not assessed by the assessor. Said board may make such alterations in the description of real property as it shall be deemed necessary. Second—On the application of any person considering himself aggrieved, or who shall complain that the property of another is assessed too low, they shall review the assessment and correct the same as shall appear to be just. No complaint that another is assessed too low shall be acted upon until the person assessed, or his agent, shall be notified of such complaint, if a resident of the county; *Provided*, That in the counties under township organization, [such application] shall have been made to the town board of equalization, and been rejected by them. Third—It shall ascertain whether the valuation in one township precinct, or district, bear just relation to all the townships, precincts, or districts in the county; and may increase or diminish the aggregate valuation of property in any township, precinct, or district by adding or deducting such sum upon the hundred as may be necessary to produce a just relation between all the valuations of property in the county, but shall in no instance reduce the aggregate valuation of all the townships, precincts, or districts below the aggregate valuation thereon as made by the assessors; neither shall it increase the aggregate valuation of all the

townships, precincts, or districts, except in such an amount as may be actually necessary and incidental to a proper and just equalization. It may consider lands, village or city lots, and personal property (except property assessed and valued by the state board of equalization) separately, and determine a separate rate per cent of addition or reduction for each of said classes of property, as may be necessary to a just equalization thereof."

The first clause of the third subdivision of the section authorizes the board of equalization, for the purpose of equalizing the assessments between the several precincts or townships, to increase or diminish the aggregate assessed valuation of any precinct or township by adding or deducting such rate per cent as may be necessary to bring all the valuations to a common point of equality.

The last clause of the section confers authority upon the board, in equalizing the assessment of the different precincts or townships of the county, to consider separately lands, village or city lots, and personal property not valued by the state board of equalization, and, if necessary to a just equalization thereof, fix a different rate per cent of increase or reduction for each of said classes of property.

The assessor of one precinct or township may value lands too high and other classes of property too low, while the assessor of another precinct or township may value town or city lots too high, and another assessor may value personal property too high. Under the first clause of the third subdivision of the section inequality in the assessment of the different classes of property could not be corrected by adding to or deducting from the aggregate valuation of a precinct or township. The purpose of the legislature in adding the last clause of the section was to prevent one class of property in a precinct or township from bearing an unjust burden. So it authorized the board, in equalizing the valuations between the different precincts or townships, to consider any inequality in the

assessments of the three classes of property mentioned in the subdivision, and for the purpose of correcting the same to make a separate rate per cent of addition or reduction for each of said classes. All the property in the township or precinct belonging to the same class must be increased or diminished alike. It cannot raise the value of part of the lots of a town without raising all the lots therein at the same ratio. The board can increase or reduce the value of one class in the precinct and not disturb the others therein, if necessary to a just and proper equalization between the precincts or townships.

The aggregate valuation of the county cannot be reduced below that returned by the assessors, nor can such valuation be increased, except in such amount as shall be actually necessary and incidental to a proper and just equalization.

The record before us shows that the county board of Perkins county kept within the letter and spirit of the law. It deducted thirty per cent from the aggregate assessment of all the real estate in the town of Venango and ten per cent from the value of the lots in the town of Madrid. It added eighty per cent to the assessed valuation of the lots in the town of Grant, twenty-five per cent to the value of Lisbon lots, and ten per cent to the value of Elsie lots. The aggregate valuation of the county was not thereby increased or diminished. The board, in reducing the assessments of the lots in Venango and Madrid, on application of the relator, was compelled to make up the reduction by increasing the assessment on some other property in the county, so as not to affect the total assessments of the county. The board, in increasing the values of the real property in the towns of Grant, Lisbon, and Elsie, must have regarded the assessment of these towns as too low as compared with the other classes of property in the precincts where the towns were located.

It was held in *Suydam v. Merrick Co.*, 19 Neb., 155,

that in equalizing the assessments between the several precincts or townships, it is not necessary that a complaint of inequality should be made or notice served. This rule was reaffirmed in the former opinion in this case, and will be adhered to. While it is true that a complaint and notice is necessary to confer jurisdiction upon a county board to increase or raise the assessment of an individual taxpayer, yet the rule does not apply in the equalizing of assessments under the provisions of the third subdivision of section 70 of the revenue law.

The writ is ·

DENIED.