HUBBARD *v.* GOSS, TREASURER MORGAN COUNTY.

[No. 19,646.   Filed November 26, 1901.]

TAXATION.—*Equalization.—Notice to Property Owner.*—That part of §8532 Burns 1901 which provides for notice to each person the valuation of whose property the county board of review deems it necessary to increase is applicable only when the board is acting in case

of individual citizens, and not to cases when the board makes orders for the purpose of equalization in certain divisions of a township under §8533 Burns 1901.    *pp. 486, 487.*

TAXATION.—*Increase of Valuation by Board of Review.—Notice.*—That the valuation of each taxpayer's property within a township or division of a township may be increased by the county board of review, under §8533 Burns 1901, without notice other than that given by the law itself (§6367 Burns 1901), does not render the statute invalid as taking property without due process of law. *pp. 488-491.*

From Morgan Circuit Court; *M. H. Parks,* Judge.

Injunction by Sanders Hubbard against E. L. Goss, treasurer of Morgan county, and others to restrain the collection of certain taxes. From a decree for defendant, plaintiff appeals. *Affirmed.*

*O. Matthews,* for appellant.

*W. R. Harrison* and *W. L. Taylor,* for appellees.

MONKS, J.—It appears from the record that the board of review of Morgan county at its annual meeting in 1899 increased the valuation of the real estate in certain divisions of Monroe township in said county twenty-five per cent. over the amount fixed by the assessor of said township. The lands in the divisions of said township, the valuation of which was so increased, were owned by more than 250 persons, one of whom was appellant. The auditor of the county gave the notice of said annual meeting as required by law. The law also fixes the time and place of the meeting of said board. Appellant after paying the taxes on his real estate in said township at the valuation thereof fixed by the township assessor brought this action to enjoin appellee, treasurer of said county, from collecting the remainder, being on the amount added by the board of review. Final judgment was rendered in favor of appellee.

Appellant insists that as said valuation was raised without giving any notice to him as required by §114 of the tax law of 1891 as amended in 1895 (Acts 1895, pp. 75, 78, being §8532 Burns 1901, §6381 Horner 1897), the board of review had no jurisdiction over his person, and its said

action was therefore void. Said §114, *supra,* among other things, provides for notice to each person the valuation of whose property said board deems it necessary to increase. This provision concerning notice was enacted in conformity with the rule declared by this court in *Kuntz* v. *Sumption,* 117 Ind. 1, 2 L. R. A. 655, and applies only when the board is acting in cases of individual citizens under said §114, and not to cases when the board makes orders for the purpose of equalization under §115 of the tax law of 1891 as amended in 1895 (Acts 1895, pp. 78, 79, being §8533 Burns 1901, §6382 Horner 1897).

As the board of review for the purpose of equalization raised the valuation of said divisions of said township, such action is clearly governed as to notice and the power of the board by the provision of §115, *supra,* and not by §114, *supra.* No notice is provided for in said section. The only notice, therefore, given the taxpayer concerning proceedings under said §115 is that given by the law itself, which fixes the time and place of meeting, of which the taxpayers must take notice, and the general notice of the time and place of such meeting which the law requires the county auditor to give, and the notice which §8521 provides the township assessor shall give each landholder of the valuation of his lands and the time and place when the board of review "will meet for the purpose of hearing grievances, and to equalize taxes within the county." No other notice was necessary to give the board full and complete jurisdiction to make the orders complained of under said §115. 25 Am. & Eng. Ency of Law 253, 254; Cooley on Tax. p. 226; 1 Desty on Tax. pp. 599-603. The board of review, under §115, *supra,* operates upon classes of property and upon townships and divisions thereof for the purposes of equalization, and such orders affect the taxpayers generally, while under §114, separate action is taken against each individual citizen by the board, and for such proceedings special notice is provided for. This distinction is recognized and pointed out in *Kuntz* v. *Sumption,* 117 Ind. 1, 2.

The fact that the valuation of each taxpayer's property within the township or division thereof may be increased by the order or orders of the board under said §115 does not render the same obnoxious to any provision of the State or federal Constitution.

The powers in regard to equalizing the valuation of property as listed and assessed in the different counties, given the State Board of Tax Commissioners by §§8553, 8554 Burns 1901, are similar to those given the county board of review by §115, *supra,* yet no one would claim that said §§8553, 8554 Burns 1901, were unconstitutional so far as they attempt to confer upon the State Board of Tax Commissioners power to increase the valuation in the different counties without any notice except that given by the law itself in fixing the time and place of the meeting of said board.

Speaking on this subject the Supreme Court of the United States said in *Taylor* v. *Secor,* 92 U. S. 575, on p. 609, 23 L. Ed. 672: "It is charged that the board of equalization increased the estimates of value so reported to the auditor, without notice to the companies, and without sufficient evidence that it ought to be done; and it is strenuously urged upon us, that for want of this notice the whole assessment of the property and levy of taxes is void. It is hard to believe that such a proposition can be seriously made. If the increased valuation of property by the board without notice is void as to the railroad companies, it must be equally void as to every other owner of property in the State, when the value assessed upon it by the local assessor has been increased by the board of equalization. How much tax would thus be rendered void it is impossible to say. The main function of this board is to equalize these assessments over the whole State. If they find that a county has had its property assessed too high in reference to the general standard, they may reduce its valuation; if it has been fixed too low, they raise it to that standard. When they raise it in any county, they necessarily raise it on the property of every individual

who owns any in that county. Must each of these have notice and a separate hearing? If a railroad company is by law entitled to such notice, surely every individual is equally entitled to it. Yet if this be so, the expense of giving notice, the delay of hearing each individual, would render the exercise of the main function of this board impossible. The very moment you come to apply to the individual the right claimed by the corporation in this case, its absurdity is apparent. Nor is there any hardship in the matter. This board has its time of sitting fixed by law. Its sessions are not secret. No obstruction exists to the appearance of any one before it to assert a right or redress a wrong; and, in the business of assessing taxes, this is all that can be reasonably asked."

In *Cincinnati, etc., R. Co.* v. *Commonwealth*, 115 U. S. 321, on p. 331, 6 Sup. Ct. 60, 29 L. Ed. 417, the same court say: "In support of the first of these propositions, it is contended on behalf of the plaintiffs in error, that, by the enforcement of these judgments, they will be deprived of their property without due process of law, because the valuation of their property under the act is made by the board of railroad commissioners without the right on their part to notice of the proceeding, or the right to be heard in opposition to any proposed action of the board in its progress. It has, however, been repeatedly decided by this court that the proceedings to raise the public revenue by levying and collecting taxes are not necessarily judicial, and that 'due process of law', as applied to that subject, does not imply or require the right to such notice and hearing as are considered to be essential to the validity of the proceedings and judgments of judicial tribunals. Notice by statute is generally the only notice given, and that has been held sufficient."

In *County of San Mateo* v. *Southern Pac. R. Co.*, 13 Fed. 722, on p. 752, Mr. Justice Field says of the same question: "Due process of law in the proceeding is deemed to be pur-

sued, when, after the assessment is made by the assessing officers upon such information as they may obtain, the owner is allowed a reasonable opportunity, at a time and place to be designated, to be heard respecting the correctness of the assessment, and to show any errors in the valuation committed by the officers. Notice to him will be deemed sufficient, if the time and place of hearing be designated by statute."

In the case of *Sanford* v. *Poe,* 69 Fed. 546, on p. 552, 37 U. S. App. 378, 16 C. C. A. 305, the circuit court of appeals say: "There is no ground for complaint that the assessments were made without due process of law. The complainants had notice of the time and place where the board would meet, and were required to make a sworn return of their property. The time and place were fixed by the law, and its sessions were not secret. In *State* v. *Jones,* 51 Ohio St. 492, heretofore cited, the supreme court of Ohio construed the act as entitling the companies 'to be present and explain the statement rendered of its property and the value thereof.' They did, in fact, appear, and offered evidence, and were heard by counsel." See, also, *Pittsburgh, etc., R. Co.* v. *Backus,* 154 U. S. 421, 425, 427, 14 Sup. Ct. 1114, 38 L. Ed. 1031; *Winona, etc., Co.* v. *State,* 159 U. S. 526, 537, 538, 16 Sup. Ct. 83, 40 L. Ed. 247; *Weyerhaueser* v. *State,* 176 U. S. 550, 554-557, 20 Sup. Ct. 485, 44 L. Ed. 583; *State, ex rel.,* v. *Armstrong,* 19 Utah 117, 123-128, 56 Pac. 1076; *Suydam* v. *County of Merrick,* 19 Neb. 155, 158-160, 27 N. W. 142; *State, ex rel.,* v. *Edwards,* 26 Neb. 701, 704-706, 42 N. W. 882; *State, ex rel.,* v. *Edwards,* 31 Neb. 369-372-374, 47 N. W. 1048; *Streight* v. *Durham,* 10 Okla. 361, 61 Pac. 1096; *Scammon* v. *City of Chicago,* 44 Ill. 269, 276; *Fields* v. *Russell,* 38 Kan. 720, 17 Pac. 476; *Challiss* v. *Rigg,* 49 Kan. 119, 127, 128, 30 Pac. 190; *Cincinnati, etc., R. Co.* v. *Commonwealth,* 81 Ky. 492, 507; *Spalding* v. *Hill,* 86 Ky. 656, 662, 7 S. W. 27; *State, ex rel.,* v. *Springer,* 134 Mo. 212,

226, 35 S. W. 589; *Baird* v. *Williams,* 49 Ark. 518, 530, 6 S. W. 1; *State* v. *Runyon,* 41 N. J. L. 98, 103; *Powers* v. *Larabee,* 2 N. Dak. 141, 153, 49 N. W. 724; *Hambleton* v. *Dempsey,* 20 Ohio 168, 173; Desty on Taxation, 599, 600; Cooley on Taxation, 226; 25 Am. & Eng. Ency. of Law 255.

It is clear that the doctrine in regard to notice declared in *Kuntz* v. *Sumption,* 117 Ind. 1, applies only to the action of the board of review concerning the property of the individual taxpayer under §114, *supra,* and does not apply to proceedings under §115, *supra,* for the purpose of equalization.

Judgment affirmed.

Jordan, J., took no part in the decision of this cause.