Johnson, J.
Some ten years ago there had come to be in Ohio more than the usual discontent that results from inequalities in taxation.
One phase of it was manifested by a general feeling that the system in use for many years for *438 the decennial appraisement of real estate for taxation was wholly inadequate, and resulted in glaring and unjust discriminations.
The constant variations in the actual and relative values of various classes of real estate in the different industrial, commercial and agricultural' localities were regarded as imperative reasons for the adoption of a system by which a more frequent and intelligent appraisement of property should be made, in the hope of making an approach to the equality and justice which are necessary to give strength and vigor to measures of popular government.
The different governors and general assemblies have devoted themselves to the subject of improvements in the system, and substantial progress has been made. The effort should go on even though all realize that “no faultless tax plan e’er was or is or e’er shall be.”
The decennial appraisement was abolished. The Tax Commission of Ohio was created, and its powers and duties have been enlarged from time to time.
Changes have been made in the new system in the light of experience, and the question presented in this case requires a determination of the state of the law at the time of the commencement of the action.
The court below entered a decree in favor of the- defendant in error on the pleadings. This judgment was based on the conclusion that the answer stated no valid defense to the petition. As shown in the foregoing statement of the case the *439 petition alleges three grounds upon which the prayer is based. Substantially they are: 'First, that the premises of the coal company were appraised and listed for taxation prior to the increase complained of at the true value thereof in money; second/ that the county auditor arbitrarily, capriciously and without any investigation made the addition complained of; third, that the addition was made without notice to the plaintiff or the company and without publication of the proposed action.
As to the first ground, it is traversed by the general denial contained in the answer. The second allegation is specifically denied in the answer, which alleges that the auditor’s action was taken in obedience to statutory requirement under order of the Tax Commission of Ohio, which was made pursuant to statutory provision. As to the third ground, the answer admits .that no notice was given to the plaintiff or ,to the company of the action of the Tax Commission or the auditor. Therefore, the question remaining concerns the authority of the Tax Commission at the time it made the order complained of to make such an order; and, if it had such authority, whether or not it is necessary to give notice to taxpayers affected by an order increasing the taxable valuation of the property of a particular class in a particular taxing district. The action was taken with reference to the taxes for the year 1917, so that the statutes to be. considered are those then in force.
By the provisions of Section 5548, General Code (107 O. L., 38), each county is made the unit for *440 assessing real estate for taxation purposes, and it is provided that the county auditor shall be the assessor for all the real estate in hi§ county for the purposes of taxation, reserving, however, to the Tax Commission the power to assess and value the property of public utilities. It is made the auditor’s duty to ascertain whether the real property as it then appears on the tax duplicate is assessed for taxation at its true value in money, and to report his findings to the board of county commissioners, who shall, at a hearing, after public notice, confirm, modify or set aside the same by order entered on their journal. If by such order it is determined that the real estate is not on the duplicate at its true value in money, the county auditor shall proceed to assess such real estate in such subdivision or subdivisions.
Under Section 5548-1, General Code, after the county auditor has made the assessment of all the real estate in any taxing district in the manner authorized in the preceding section, he is empowered on notice to the owner thereof to re-assess any part of the real estate in the district in the manner provided in that section, if he finds that the value has changed, or the property is not on the duplicate at its true value in money.
Section 5580, General Code, and those following-on pag'es 40 and 41 of 107 Ohio Laws, to and including Section 5595, provide for the organization of a county board of revision, and by Sections 5605 and 5609, General Code, the board of revision is empowered on its own motion or on complaint to review the assessed valuation of real estate in any *441 tax district which has been assessed and valued by the county auditor for the current year.
Section 5599, General Code, provides that the county board of revision shall not increase any valuation or listed amount of taxable property without giving notice to the person in whose name the property affected thereby is listed, affording him an opportunity to be heard.
Section 5610, General. Code, -affords an appeal from the decision of the county board of revision to the Tax Commission of Ohio by any person affected, or by the county auditor.
• It will be observed that there .is provided in the statutes a comprehensive system, for the assessing and valuation of real estate and for re-assessing it in the different counties and taxing districts of the state. There is also provision for notice to the public and to individuals particularly affected, as well as for hearings and appeals in the manner above described. Then as part of the general scheme, the powers of the Tax Commission, which has statewide jurisdiction, are defined and specified.
Section 5579, General Code (106 O. L., 246), imposes upon the Tax Commission the duty to direct and supervise the assessment for taxation of all real and personal property of the state, and provides that the county auditor under the direction of the commission shall be the chief supervising assessing officer of his county. But there is not conferred upon the Tax Commission any jurisdiction to review or otherwise determine the assessment or valuation of any particular lot, par *442 cel or tract of property in any taxing district, except on appeal from the decision of boards of revision, as provided in Section 5610, General Code. The appraisement of particular pieces of individuals is left to the local authorities.
The answer of the defendant in this case shows that the action of the Tax Commission, complained of in the petition, was taken pursuant to Sections 5612 to 5615, inclusive, General Code. Substantially those sections provide that when required by the Tax Commission each county auditor shall make out and transmit to it an abstract of the real and personal property of each tax district in his county, in which he shall set forth the aggregate amount and value of each class of real and personal property; that the commission shall annually determine whether the real and personal property and the various classes thereof have been assessed at their true value, and, if it finds that any class of real or personal property in any county or district is not listed at its true value in money, it may increase or decrease the aggregate value of the real property or any class of real or personal property in such county or- district by such rate per cent, as will place it on the list at its true value in money; and that it shall transmit its conclusion to the county auditor who shall forthwith add to or deduct from each tract, lot or parcel of real property, or class of real property, the required per cent. The duty of the auditor in such cases is mandatory.
The manifest purpose of the legislature was to confer upon the Tax Commission the duty of equalizing aggregate tax values of various classes *443 of property in the manner stated. It has no power under those sections to make any order with respect to the particular property of any taxpayer in the district. Its authority and its action must be taken with respect to all the property of the particular class as units, and concerns the aggregate value of the'property in the particular class dealt with. '
From what has been said it will be seen that the plan contemplates the Tax Commission as a directing and supervising authority, and that its orders are general, except in the cases of appeal specially provided for as heretofore set forth.
It will be further noted that after the county auditor has made an assessment of all the real property in any district and desires to re-value or re-assess any part of the same, he is required to give notice to the owner thereof, but the statute does not require notice to be given by the Tax Commission of action taken by it pursuant to the statutory provisions above referred to. Acting in the nature of an equalization board, it is not required to give notice in order that its actions shall be valid. A board of equalization may raise or lower the entire assessment of any particular district without notice to the individual taxpayers, or the people of the district, when it is made to appear that the assessment in one district is relatively higher or lower than in another. 27 Am. & Eng. Ency. Law (2 ed.), 708.
The fact that the statute does..not require notice to be given by the Tax Commission does not render it obnoxious to the constitution.
*444 In the State Railroad Tax Cases, 92 U. S., 575, which were actions brought to restrain the collection of taxes, it was held that the action of the board of equalization in increasing the assessed value of the property of a railroad company, or an individual, above the return made to the board, does not require a notice to the party to make it valid. The court say, at page 609: “If the increased valuation of property by the board without notice is void as to the railroad companies, it must be equally void as to every other owner of property in the State, when the value assessed upon it by the local assessor has been increased by the board of equalization. * * * If they find that a county has had its property assessed too high in reference to the general standard, they may reduce its valuation; if it has been fixed too low, they raise it to that standard. When they raise it in any county, they necessarily raise it on the property of every individual who owns any in that county. * * * The very moment you come to apply to the individual the right claimed by the corporation in this case, its absurdity is apparent.” To the same effect are Lewis, Auditor, v. State, ex rel., 69 Ohio St., 473, and Lander v. Mercantile Bank, 186 U. S., 458.
A general tax is very different from a special assessment. A burden by way of a special assessment cannot be levied upon property without notice to the owner, and the special assessment must hot exceed the special benefit. If it does, it impairs the inviolability of private property guaranteed by *445 the constitution. Walsh v. Barron, Treas., 61 Ohio St., 15.
But the authorities are uniform that where such a board in the exercise of statutory powers acts not upon the property assessments of individual or particular taxpayers, but upon the aggregate assessments of various classes in the several taxing districts as units, no notice is required to be given to individual property owners who may be affected by the action of the board in increasing the valuation of all the property or the property of a particular class in the taxing district. Hubbard v. Goss., Treas., 157 Ind., 485; Bi-Metallic Investment Co. v. State Board of Equalization of Colorado, 239 U. S., 441, and Spalding, Tax Collector, v. Hill, 86 Ky., 656.
In Bi-Metallic Co. v. Board of Equalization, supra, it is. said at page 445: “The question then is whether all individuals have a constitutional right to be heard before a matter can be decided in which all afe equally concerned — here, for instance, before a superior board decides that the local taxing officers have adopted a system of undervaluation throughout a county, as notoriously often has been the case.”
The impossibility of the State Tax Commission giving notice to each property owner before it acts with reference to valuations of different classes of property in the different taxing districts is very apparent.
Moreover, the fact that provision has been made by the general assembly in the enactment of Section 12075, General Code, by which suit may be *446 instituted in the common pleas court to enjoin the collection of illegal taxes assessed against any taxpayer, fulfills the constitutional requirement of due process of law in the assessment and collection of taxes. Davidson v. New Orleans, 96 U. S., 97; State, ex rel., v. Jones, Auditor, 51 Ohio St., 492, 516, and The C. & E. Rd. Co. v. Keith et al., 67 Ohio St., 279, 292.
The taxpayer is afforded full opportunity for relief against improper valuations by appearing before the county board of revision in the exercise of its function of correcting tax valuations on complaint, on appeal to the Tax Commission under the provisions of Section 5610, and by the action in common pleas court above referred to.
We think it clear that the allegations of the answer setting forth that the action of the county auditor was taken in obedience to the order of the Tax Commission of Ohio, which had proceeded in full compliance with the provisions of Sections 5612 to 5615, inclusive, General Code, stated a good defense and that no notice of such action was required in order to give it validity under the state or federal constitution.
The judgment of the court of appeals will be reversed and the cause remanded for further proceedings in accordance with this opinion.

Judgment reversed.

Jones, Matthias, Wanamaker and Robinson, JJ., concur.
Merrell, J., not participating.