A. T. STREIGHT AND G. M. WORTHEN, *Partners, under the firm name and style of* SHAWNEE HARDWARE COMPANY V. WILLIAM DURHAM, *Treasurer of Pottawatomie County, Oklahoma Territory.*

(Filed June 30, 1900.)

1. TAXATION, EXCESSIVE—*Necessary Proof.* The Organic Act and the statutes of this Territory require that all property subject to taxation shall be assessed and taxed according to its true cash value, and where a party seeks to enjoin the collection of a tax which he claims is illegal and excessive, arising from the action of the board of equalization in raising the valuation of the property above the returned valuation by the assessor to the board, it devolves upon him not only to allege in his petition but to prove, that the property was listed and returned for assessment at its true cash value, before a court of equity will interfere and enjoin the collection of the excessive tax.

2. EQUALIZATION, BOARD OF—*Powers.* Under sec. 5620 of the Statutes of 1893, the board of equalization of a city in exercising its powers and functions of equalizing the various individual assessments, has the undoubted authority to increase the valuation of the property of any individual above the returned valuation by the assessor to the board where it appears that such property has been assessed below its true cash value: subject to the limitations, that the property is uniformly assessed; that no unequal discrimination is made between different kinds of property within the taxing district; and that the property is not raised by the board above its true cash value.

3. EQUALIZATION, BOARD OF—*Time of Meeting.* The time for the meeting of the board of equalization is fixed by statute, and all persons must take notice of such time; and the action of the board of equaliaztion in raising the assessed value of the property of an individual above the return made to the board by the assessor, does not require that notice shall be given to the tax payer to make such action valid; and the want of notice to an individual tax payer is not in violation of art. 14 of the amendment of the constitution of the United States, which forbids the deprivation of any person of life, liberty or property without due process of law.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, District Judge.*

*P. O. Cassidy,* for plaintiffs in error.

*L. G. Pitman,* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought in the district court of Pottamatomie county by the plaintiffs in error against the defendant in error, to enjoin the defendant in error from collecting a portion of the taxes for the year 1897. The material allegations in the petition are as follows:

"That these plaintiffs duly and truly listed and returned under oath all personal property owned by them jointly as such partners in the city of Shawnee, for the year 1897, to the proper assessor of said city, and placed the value thereof at $1235.00, which was the average cash value of all the personal property owned by the Shawnee Hardware Company in said city at the time, and the said assessor at the time assessed and valued all of the personal property of the plaintiffs in the said city of Shawnee at $1,235.00 and did at the time so enter it upon the assessment rolls of the city of Shawnee as the property of the Shawnee Hardware Company.

"But, that afterwards, upon the advice of the mayor and the clerk of the city of Shawnee and other persons unknown to these plaintiffs, the said assessor, without the knowledge or consent of these plaintiffs increased the valuation of plaintiffs' personal property, in said city of Shawnee about sixty-five per cent, viz. $800, and extended the same upon the assessment rolls. But, the said assessor never at any time furnished to, or gave to the plaintiffs a copy of the schedule showing such raise or increase of plaintiffs' said personal property, and

plaintiffs knew nothing of said increase until they went to pay their taxes to the county treasurer since January first, 1898. That said increase of the value of plaintiffs' personal property from $1,235.00 to $2,035.00 was fraudulently and unlawfully done, and is inequitable and out of proportion to the values placed on other personal property in the said city of Shawnee, and is an unjust and unequal discrimination against these plaintiffs as compared with the values placed upon the personal property of other residents and tax payers of said city, and unjust, illegal and void."

Upon this petition the probate judge in the absence of the district court granted a temporary injunction. To the petition of the plaintiff the defendant filed an answer. It was admitted in the answer of the defendant that the city assessor of Shawnee assessed the plaintiffs' property for the year 1897 for $1,235.00, and that afterwards said property was raised by the board of equalization of the city of Shawnee to the value of $2,035.00; that the increased valuation placed upon the plaintiff's property was done by the regularly constituted board of equalization of the city of Shawnee, consisting of the mayor, the city clerk and the city assessor. That in assessing and equalizing the plaintiffs' property there was no irregularity, and that the same was done according to law. The answer further alleges that there was no discrimination made against the plaintiffs, and that said property was assessed and equalized and returned as all other property in the city of Shawnee, at its actual cash value.

Upon the issues thus framed the cause was tried by the court upon affidavits filed in the case, which were by agreement of parties taken as the evidence in the case. The district court held that the evidence was insufficient

to sustain plaintiffs' claim of the illegality of said tax and dissolve the temporary injunction granted by the probate judge, and dismissed the action at the cost of the plaintiffs. From this judgment the plaintiffs appeal.

The only evidence offered by the plaintiffs was the affidavit of G. M. Worthen, which is as follows:

"Territory of Oklahoma, Pottawatomie county, ss.

"G. M. Worthen being duly sworn, on oath deposes and says, that he is a member of the Shawnee Hardware Company, the above named plaintiff, and that in February, 1897, the said plaintiff listed to the assessor of the city of Shawnee, under oath all the personal property owned by said plaintiff in the said city and gave in the value thereof at $1,235.00, which was the true and fair cash value of said property at the time, as compared by the assessed valuation of other personal property in said city, and the assessor at the time in the presence of the affiant, duly entered said property on the assessment roll of the said city and there assessed said property at $1,235.00, and so entered it upon the assessment roll, and plaintiff relying upon the acts of the assessor at the time he assessed said property, and believing that no change could or would be made increasing the value, without giving said plaintiff notice of said change and having received none, paid no more attention to the matter until plaintiff went to pay its taxes after January first, 1898, and then affiant for the first time learned from the county clerk and treasurer that the assessment of plaintiff had been increased from $1,235.00 to $2,035.00 thereby increasing his taxes from $90.77, being the tax on the legal assessment, to $149.00, making an increase of $58.23, which plaintiff believing to be illegal, but at the time tendered the full amount of taxes on the legal assessment, which the treasurer refused to accept.

"Affiant further says that the plaintiff was never notified of said increase or any contemplated increase on the value of its said property.

"G. M. WORTHEN,

"Subscribed and sworn to before me this 13th day of February, 1898.

"GEO. G. BOGGS,
"Notary Public.

"My commission expires May 4, 1899."

We think that the evidence offered by the plaintiffs is wholly innsufficient to establish any cause of action against the defendant. There was no evidence to show fraud or irregularity either in the assessment or the raise made by the city board of equalization. Nor was there any evidence offered that the property was listed and assessed at its true or actual cash value. Neither was there any evidence offered to show that the board of equalization had increased the valuation of the property in excess of the actual cash value. Had the property been assessed in excess of its true or actual cash value, that fact could have easily been shown by the plaintiffs. But, the only testimony on this point offered by the plaintiffs was, "that $1,235.00 was the true and fair cash value of said property at the time, as compared with the assessed valuation of other personal property in said city." On the other hand, the defendant offered the testimony of the mayor, the city clerk and the city assessor, which shows that after a careful comparison of the personal property owned by the plaintiffs and similar property situated in the city of Shawnee, the board of equalization of said city found and determined that said property was listed and assessed below the average value of personal property as returned by other tax payers of said

city for the year 1897, and that the fair cash value of said property for said year was $2,035.00, and that no discrimination was made against the plaintiffs by the board of equalization.

It is contended by the plaintiffs in error that the board of equalization of the city of Shawnee has no power to raise the individual assessments, and that such action by the board of equalization is in contravention of the constitution of the United States, which prohibits the property of any citizen to be taken without due process of law. We think that this contention is clearly untenable.

Section 6, of the Organic Act provides that all property subject to taxation shall be taxed in proportion to its value. And the legislature of this Territory has provided that all property shall be assessed according to its actual cash value.

Section 5620 of the Statutes of 1893 provides that the city assessor, the mayor and the city clerk shall compose the board of equalization for cities. The said board shall meet on the third Monday of April of each year to hear complaints of persons who feel aggrieved of their assessments, and the decision of said board shall be final as to individual assessments.

Thus it will be seen that the Organic Act and the statutes of this Territory require that all property shall be assessed in proportion to its true value or actual cash value, and the board of equalization of the city of Shawnee in exercising its powers and functions as such board has the undoubted authority to increase the valuation of the property of any individual, provided, that it is uniform and no unequal discrimination is made in taxing

different kinds of property, and that such increase does not raise the value of the property above its true cash value. On the other hand, if it is shown that the board of equalization has raised the valuation of the property of any individual above its true or actual cash value, and that there was an unequal discrimination made as to different kinds of property within the taxing district, a court of equity will undoubtedly enjoin the tax levied on the excess, and where it is further shown that the amount of the tax due on the actual cash valuation is paid or tendered before the action is brought. The manifest purpose of the board of equalization is to equalize the individual assessments, and to ascertain and determine whether or not all property subject to taxation has been uniformly assessed, and in proportion to its true value within the taxing district.

In *Bardrick et al. v. Dillon et al.* 7 Okla. 543, Mr. Chief Justice Burford in delivering the opinion of the court in that case said:

"The statute points out no manner in which this power is to be executed and duty performed, and there is no limitation upon the manner in which the equalization shall be done, except that the property shall not be valued above its true cash value."

In *Martin, County Treasurer, v. Clay et al.* 8 Okla. 46, this court held that:

"Where one seeks to enjoin the collection of a tax on the ground of excessive assessment, arising from the action of the board of equalization in increasing the valuation of the property over the returned valuation, plaintiff must allege that his property was returned for assessment at its true cash value; and a petition for injunction which simply states that the property was returned at a

certain value, and that such valuation was reasonable and fair, does not state a cause of action, and will be held bad on demurrer."

In *Wallace v. Bullen*, 6 Okla. 17, this court, speaking by Mr. Justice Tarsney of the powers and functions of the several boards and officers charged with the assess- ment and equalization of assessments for the purposes of taxation, said:

"These several officers and boards may be said to com- prise the machinery of the law for exercising the tax- ing powers of government. Each must act within the special scope of his or its authority, and when so acting, the only limitation that we can discover to the combined authority and jurisdiction of all is that their imposition of taxation must be equal and uniform. In assessing they must not fix values higher than the true cash value of the property assessed, and in levying they must not levy a higher rate than that limited by the law. In other words, the general scope of the jurisdiction and powers of the taxing authorities is to impose taxation upon proper- ty assessed at its true cash value, and at a rate not ex- ceeding the maximum fixed by law; and when the authori- ties have proceeded and acted within the scope of their authority as thus defined, and property has not been valued for taxation beyond its true cash value, or a great- er rate of taxation levied upon such value than that authorized by law, the owner has not been injured, and cannot be heard to complain, provided his property has been taxed equally and uniformly with other property in the taxing district."

But, it is urged by counsel for the plaintiffs in error that said raise was made by the board of equalization of the city of Shawnee without notice to the plaintiffs in error, and therefore the action of such board was in vio- lation of the constitution of the United States, which for-

bids the property of a citizen to be taken without due process of law. This contention is untenable, and has been so held by the supreme court of the United States. The time for the board of equalization to meet is fixed by the statute on the third Monday of April of each year. This was notice to the plaintiffs. The statute fixes the day upon which the board shall meet and no other notice is required. The evidence in this case shows that the board of equalization met on the day fixed by the statute, and there was no evidence whatever offered by the plaintiffs that there was any irregularity or fraud committed by the board in equalizing the assessments.

In the case of *Taylor et al. v. Secor et al.*, and known as the *Illinois State Railroad Tax Cases*, 92 U. S. 575 (23 Cooperative edition, 672), Mr. Justice Miller in delivering the opinion of the court upon this subject, said:

"It is charged that the board of equalization increased the estimates of value so reported to the auditor, without notice to the companies, and without sufficient evidence that it ought to be done; and it is strenuously urged upon us that, for want of this notice, the whole assessment of the property and levy of taxes is void.

"It is hard to believe that such a proposition can be seriously made. If the increased valuation of the property by the board without notice is void as to the railroad companies, it must be equally void as to every other owner of property in the state, when the value assessed upon it by the local assessor has been increased by the board of equalization. How much tax would thus be rendered void it is impossible to say. The main function of this board is to equalize these assessments over the whole state. If they find that a county has had its property assessed too high in reference to the general standard, they may reduce its valuation; if it has been fixed too

low, they raise it to that standard. When they raise it in any county they necessarily raise it on the property of every individual who owns any in that county. Must each one of these have notice and a special hearing? If a railroad company is by law, entitled to such notice, surely every individual is equally entitled to it. Yet, if this be done, the expense of giving notice, the delay of hearing each individual, would render the exercise of the main function of the board impossible. The very moment you come to apply to the individual the right claimed by the corporation in this case, its absurdity is apparent. Nor is there any hardship in the matter. This board has its time of sitting fixed by law. Its sessions are not secret. No obstruction exists to the appearance of any one before it to assert a right or redress a wrong; and, in the business of assessing taxes, this is all that can be reasonably asked.

"As we do not know on what evidence the board acted in regard to these railroads, or whether they did not act on knowledge which they possessed themselves, and as all valuation of property is more or less a matter of opinion, we see no reason why the opinion of this court, or of the circuit court, should be better or should be substituted for that of the board, whose opinion the law has declared to be the one to govern the matter."

In *Weyerhaueser v. State of Minnesota*, 176 U. S. 530, a very recent case (decided February 26, 1900,) the supreme court of the United States decided that:

"The provision in the statute of Minnesota for 1893, c. 151, authorizing the governor of the state when it is made to appear that there has been a gross undervaluation of taxable property by the assessor for any county in the state, to appoint a board to re-value and re-assess it, which board shall, after due examination, prepare a list of all such undervalued property, of the year or years in which it was so under assessed, the amount of the assessment and the actual and true value thereof for which it

should have been so assessed, does no violation to the fourteenth amendment to the constitution of the United States, and does not deprive the owner of lands, so re-assessed at an advanced value, of his lands without due process of law."

It was contended in this case that no notice of any of said proceedings by any of said persons in making said re-assessment or re-valuation of said lands, or in extending said taxes against said lands, was ever given, by publication or otherwise, and that such increase of assessment was in violation of article fourteen of the amendment to the constitution of the United States, providing that no state shall deprive any person of his property without due process of law.

Mr. Justice McKenna speaking for the court, among other things, said:

"The special objections of plaintiffs in error therefore cannot be sustained, nor the broader one that the first assessments are final against any power of review or addition by the legislature. We held in the Winona case, *supra*, that the legislature had power to provide for the assessment of property which had escaped taxation in prior years, and, as we have seen, a special manner of assessment was sustained. We agree with the supreme court of the state that a gross undervaluation of property is within the principle applicable to an entire omission of property. If it were otherwise the power and duty of the legislature to impose taxes and to equalize their burdens would be defeated by the fraud of public officers, perhaps induced by the very property owners who afterwards claim its illegal advantage.

"If an officer omits to assess property or grossly undervalues it he violates his duty, and the property and its owners escape their just share of the public burdens. In *Stanley v. Supervisors of Albany*, 121 U. S. 535, we held

that against an excessive valuation of the property, its owner had a remedy in equity to prevent the collection of the illegal excess. It would be very strange if the state, against a gross undervaluation of property, could not in the exercise of its sovereignty give itself a remedy for the illegal deficiency. And this is the effect of the statute. It merely sets in motion new proceedings to collect the balance of the state's claim, and there is no constitutional objection in the way of doing this, as the supreme court of the state said in its opinion."

Applying these well settled principles to the case under consideration, we hold, that the action of the board of equalization in increasing the assessed value of the property of the plaintiffs in error in excess of the return made to the board, does not require that notice be given to the plaintiffs to constitute the acts of the board valid in raising such assessment; and that the action of the board in raising such assessment without notice to an individual tax payer, is not in violation of article fourteen of the amendment to the constitution of the United States, which forbids the deprivation of any person of life, liberty or property without due process of law; and that the only limitations upon the powers of the board of equalization is that all property subject to taxation shall be uniformly assessed, that no unequal discrimination shall be made as to different kinds of property within the taxing district, and that the assessed valuation of the property shall not be raised above its true cash value.

The only other error complained of by the plaintiffs in error, is that the court erred in refusing to allow the plaintiffs to amend their petition after all the evidence was submitted to the court, and before judgment was rendered. We think that the court properly refused to

allow the amendment, and that no prejudicial error was committed by reason thereof.

There being no error in the record prejudicial to the substantial rights of the plaintiffs in error, the judgment of the district court of Pottawatomie county is affirmed at the cost of the appellants.

Burwell, J., having presided in the court below, and McAtee, J., not sitting; all of the other Justices concurring.