ALVA STATE BANK, *a Corporation*, v. J. P. RENFREW, *Treasurer*, AND H. C. McGRATH, *Sheriff of Woods County, Oklahoma Territory*.

(Filed Sept. 5, 1900.)

TAXATION—*Injunction—Allegations.* Where a party seeks to enjoin the collection of a tax which he claims is excessive and illegal, arising from either the action of the assessor or the board of equalization in raising the returned valuation thereof, it is not only necessary to allege in the petition, but it must be proved upon the trial, that the property was listed and returned for assessment at its true cash value, before a court of equity will interfere and enjoin the collection of the tax claimed to be excessive and void. (Syllabus by the Court.)

*Appeal from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*T. J. Womack* for plaintiff in error.

*Jesse J. Dunn* and *F. M. Cowgill* for defendant in error.

Opinion of the court by

HAINER, J.: This was an action brought in the district court of Woods county on the 27th day of February, 1896, by the Alva State bank against the defendants in error, to enjoin the collection of a portion of the tax assessed and levied against the plaintiff in error for the year 1895, on the ground of excessive assessment. The material averments in the petition are in substance that the Alva State bank is a corporation duly organized and existing under the laws of the Territory of Oklahoma, and is engaged in a general banking business in the town of Alva, in said county and territory. That on the 1st day of February, 1895, said bank was the owner of the following described real estate in said township and county. to-wit: lot No. 9, in block No. 26, lot No. 21, in block No. 50, and lot No. 8, in block 38; and on said date the following named persons owned all of the capital stock of said bank to-wit: C. Q. Chandler, twenty-five shares; E. E. Masterman, twenty-five shares; J. W. Berryman, twenty-five ɹares and W. S. Fallis, twenty-five shares; that the authorized capital stock of said bank is $10,000.00, and is divided into one hundred shares of stock of the denomination of $100.00 each; that each of said stock holders had, on the first day of February, 1895, paid in on each share of stock duly issued by the officers of said bank and

held by him twenty-five per cent of the face value of said stock; that the sum of $2,500.00 was the full and actual value of all the capital stock of said bank on the first day of February, 1895; that the above described property is all the property owned and controlled or under the management of said bank on February first, 1895, subject to taxation for said year, and required by law to be listed and assessed for that purpose. That on the 7th day of March, 1895, A. T. Sniggs, the township assessor for Alva township in said county, called upon and required W. S. Fallis, the cashier and managing officer of said bank, to list all the property of said bank for the several purposes of taxation, and make oath to such statement as required by law, a copy of which list and assessment is attached to the petition of the plaintiff and marked exhibit "A": Exhibit A shows that on the 7th of March, 1895, the Alva State bank, by its cashier, W. S. Fallis, returned and listed to the assessor the following property to-wit: lot 9 in block 26, valued at ten dollars; lot 21 in block 50, valued at ten dollars; shares in state banks as follows: "C. Q. C. $625.00; E. E. M. $625.00; J. M. E. $625.00; W. S. F. $625.00; total $2,500.00; aggregate amount of taxable property $2,520.00."

It is further alleged in the plaintiff's petition that on the first day of May, 1895, and without the knowledge or consent of the plaintiff, the Alva State bank, or any of its officers, the said A. T. Sniggs, township assessor of said township, listed and assessed for the purpose of taxation against said bank the following described property to-wit: "Bank furniture and safe, $1,500.00; credits, $3,-490.00," and made return of the list and assessment so made to the county clerk of Woods county with the in-

dorsement thereon, "Refused to list," as shown by exhibit "B," which is attached to and made a part of plaintiff's petition. It was further alleged in the petition that thereafter the Territorial board of equalization, without any notice or knowledge, raised the valuation of all the property of Woods county forty per cent.

To the plaintiff's petition the defendants filed an answer alleging in substance that plaintiff refused and neglected to list all the personal property owned and controlled by it on the first day of February, 1895, for assessment and taxation, and refused and neglected to list the capital stock of the plaintiff at the par value of such shares of stock, and failed and refused to list and return to the assessor said property, and also failed and refused to list and return the furniture and safe belonging to the bank and used in its business, and failed and refused to list and return the credits belonging to the bank of the value of $3,490.00; and that the par value of the shares of capital stock of the plaintiff bank was on the 7th day of February, 1895, $10,000.00. To this answer the plaintiff filed a reply consisting mainly of a general denial.

Upon the issues thus framed the cause came on for trial before the court without the intervention of a jury, and the court after hearing the evidence and the argument of counsel made the following finding:

"The court doth find that the plaintiff was rightfully and legally assessed for the year 1895, upon its personal property and credits, and that it was not made to appear by the plaintiff that either the shares of stock in the plaintiff bank or the personal property and credits of plaintiff were assessed at their actual cash value, nor that the raise of forty per cent added thereto by the Territorial board of equalization raised the amount of any of said property above its actual cash value."

And thereupon the court dissolved the temporary injunction, and dismissed the cause at the cost of the plaintiff. From this judgment the plaintiff appeals.

Upon the trial of the cause it was admitted that on the 7th day of March, 1895, at the time of the making of the assessment as shown by exhibit "A" of the plaintiff's petition, W. S. Fallis, cashier and managing officer of the bank, exhibited to the assessor the cash book, ledger and stock book of the bank, and that the property shown in exhibit "B" attached to plaintiff's petition was listed and returned on or before the first day of May, 1895, by the assessor, and that the bank nor its managing officer nor any stockholder therein had no notice or knowledge of the list and assessment made as shown by exhibit "B" in plaintiff's petition until after the tax levies had been made and extended by the county clerk, and duplicate tax lists had been made and delivered to the county treasurer. It was further admitted that the assessment of credits of $3,490.00, as shown in exhibit "B," was taken by the assessor from the records of said bank, and it was also admitted that the furniture and fixtures of said bank were a part of its capital stock.

There was no evidence whatever offered by the bank to sustain the allegation set forth in its petition, "that the sum of $2,500.00 was the full and actual value of all the capital stock of said bank on the first day of February, 1895," at the date of the assessment of its property. There was no evidence offered by the plaintiff that the capital stock or shares of stock in said bank were listed or returned by the assessor at its true or actual cash value, nor was there any evidence offered to prove that all the personal property and the credits of the bank were listed

and assessed at its true or actual cash value, nor that the raise of forty per cent, added thereto by the board of equalization increased the value of said property above its true or actual cash value. In other words, the evidence wholly fails to sustain any of the material allegations contained in plaintiff's petition or amended petition.

It is a well settled rule of equity jurisprudence, that he who seeks equity at the hands of the court must first do equity. And this court has repeatedly held that where a party seeks to enjoin the collection of a tax which he claims is excessive and illegal, arising from either the action of the assessor or the board of equalization in raising the returned valuation thereof, it is not only necessary to allege in the petition, but it must be proved upon the trial, that the property was listed and returned for assessment at its true cash value before a court of equity will interfere and enjoin the collection of the tax claimed to be excessive and void. (*Shawnee Hardware Company v. Durham, Treasurer*, decided at this term of court), and authorities there cited.

The judgment of the district court of Woods county is right, and it is therefore affirmed at the cost of the appellant.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.