R. L. WILLIAMS,
MATTHEW J. KANE,  } JUSTICES.
JESSE J. DUNN,

CALDWELL *et al.* v. BOARD OF COM'RS OF NOBLE
COUNTY *et al.*

No. 1400.  Opinion Filed July 18, 1912.

(125 Pac. 467.)

TAXATION—Remedies of Taxpayers—Injunction. Where a party seeks
to enjoin the collection of taxes levied pursuant to an alleged
unlawful and void raise by the board of equalization, where the
only ground for equitable relief is that the property is assessed
beyond its fair cash value, and the petition contains no allega-
tion that the property was assessed beyond its fair cash value,
a demurrer to such petition is properly sustained.

(Syllabus by Harrison, C.)

*Error from District Court, Noble County;
W. M. Bowles, Judge.*

Caldwell et al. v. Board of Com'rs of Noble County et al.

Action by W. E. Caldwell and D. McKinstry, partners under the name of Perry Milling Company, against the Board of County Commissioners, Treasurer, and Sheriff of Noble County. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Harris & Wilson* and *Claud Nowlin,* for plaintiffs in error.

*Chas. R. Bostick,* for defendants in error.

Opinion by HARRISON, C. This action was originally begun in the district court of Noble county in November, 1907, to restrain the collection of taxes alleged to have been levied against property which had been unlawfully assessed for taxation for the year 1905; the property in question being situated in the city of Perry, said county, consisting of certain real estate and personal property described in the petition.

The petition alleged: That the qualified and acting assessor of the city of Perry had regularly assessed plaintiffs' property for the said year and made due return of said assessment. That the board of equalization of the city of Perry met on April 17, 1905, the same being the day prescribed by statute for said board to meet as a board of equalization, but that no equalization of the assessment rolls of said city was made on said date, but that, the mayor of said city being absent, the city clerk adjourned said meeting to May 5th, at which time the board met for the purpose of equalizing assessments in the city for said year, and at said meeting said board disregarded the city assessor's return of assessment against plaintiffs and assessed the personal property of plaintiffs at $10,000 instead of $3,000, as returned by the assessor; and assessed lots 10 and 11 of block 41 at $5,000 each, instead of $2,000 each, as shown by the assessor's returns; and lot 12 in said block at $3,000 instead of $1,500; and lot 13 in said block at $2,000 instead of $1,000, as shown by the assessor's returns. That in December, following, plaintiffs brought before the board of county commissioners a written statement from the said board, setting forth their action in the assessment of plaintiffs' property, and advising the board of county commissioners that $10,000 for both personal and real property was a

reasonable and fair valuation of same. Whereupon the board of county commissioners agreed that said sum was a fair valuation of the property in question and directed the county treasurer to correct the tax rolls to conform to such amounts and to credit same with the amount of excess of said irregular assessment over the assessment returned by the city assessor. The petition does not show whether such correction was made or not, but alleges that they had paid all the taxes due under the original assessment returned by the city assessor, and as determined in the compromise with the board of county commissioners; but alleges that, notwithstanding such payment, the board of county commissioners, the county treasurer, and the sheriff of said county, in their respective capacities, are threatening and are about to levy a tax warrant upon the property of plaintiffs to satisfy the levy made on the alleged erroneous assessment. Copies of the assessment as returned by the city assessor, copies of the proceedings of the city board of equalization, copy of the statements made by the city board to the board of county commissioners in reference to said assessment, and copy of the order of the county commissioners directing the treasurer to correct his tax rolls, are attached to and made a part of the petition.

The county attorney demurred to the petition for the reason that it failed to state a cause of action, that the verification was insufficient, and that said petition did not show equity. The demurrer being sustained, the plaintiffs elected to stand on their petition, and the cause was brought here by appeal.

The authority of the board of county commissioners to make the order above referred to was settled in *Bostick v. Board of Co. Com'rs,* 19 Okla. 92, 91 Pac. 1125. Hence there is but one question involved in the case, namely, whether or not the petition states grounds for equitable relief. This, of course, is to be determined from the wrongs complained of in the petition. Are they such wrongs as, under the circumstances, will be redressed in a court of equity? Briefly, the facts which constitute the wrongs complained of herein are that plaintiffs' property was regularly assessed and duly returned by the city assessor, and that the city board of equalization raised this assessment at an ad-

journed meeting instead of the regular day fixed by statute. The petition states: That the board met on the regular day, April 17th, but, without transacting further business, adjourned to May 5th, at which time the raise complained of was made; the gravamen of the wrong complained of being that the raise was irregularly made; that it was made at an adjourned meeting without notice to plaintiff, and therefore unlawful and void. This, of itself, is not sufficient to entitle plaintiffs to equitable relief. The law fixing April 17th as the day on which the city board shall meet to equalize the assessments is notice to all parties interested. This law does not require that the labors of the board shall be completed on that day, nor does it intend to invalidate work of equalization completed at an adjourned day, especially if made pursuant to adjournment. And, if the records of the board show that it met on the regular day and adjourned to a subsequent date, then such record is notice to parties interested in the equalization. And if they fail to appear and make their complaint and avail themselves of their statutory remedy, they will not be relieved in a court of equity, unless it be reasonably apparent from the petition that the property had been raised above its fair cash value. But if it appear from the averments in the petition that property has been raised above its fair cash value, a court of equity will take cognizance of the question, and, if the averments be supported by evidence, will grant relief, although the parties affected may have failed to appear on the day of equalization. This is true on the theory that officers are presumed to do their duty, presumed to do justice to all alike, and that taxpayers, having rendered their property at its fair cash value, have the right to assume that the officers of the law will not do them an injustice.

Therefore the decisive point in the case at bar is whether the property in question was rendered at its fair cash value, or whether it was raised above such fair cash value. We cannot say from the petition whether this is true or not. Conceding the truth of every allegation in the petition, and on demurrer the averments therein are to be treated as true, we could not feel justified in saying that the property was rendered at its fair cash

value in the original assessment as returned by the city assessor, nor that it was raised above its fair cash value by the city board of equalization. The petition does not allege either to be true. If the demurrer had been overruled and defendant had elected to stand on the demurrer, there is no allegation or statement of fact in the petition from which the court below could have reasonably concluded that the property was rendered at its fair cash value to the city assessor, and raised above such value by the board of equalization, and upon such conclusion render judgment. The petition refers to the original assessment as the "lawful assessment," "true assessment," "true and lawful assessment," and "valid assessment," and refers to the action of the board of equalization as the "void assessment," "unlawful assessment," "void and unlawful assessment," and "false and pretended assessment"—thus indicating a reference to the manner of making the raise as void, and not indicating a reference to the fair cash value of the property. Hence, inasmuch as plaintiff is not entitled to equitable relief in this action upon any other ground than that the property had been assessed beyond its true cash value, we think the demurrer was properly sustained.

The rule announced by the Supreme Court of the territory in *Alva State Bank v. Renfrew,* 10 Okla. 26, 62 Pac. 285, and *Streight v. Durham,* 10 Okla. 361, 61 Pac. 1096, is:

"Where a party seeks to enjoin the collection of a tax which he claims is illegal and excessive arising from the action of the board of equalization in raising the valuation of the property above the returned valuation by the assessor to the board, it devolves upon him not only to allege in his petition, but to prove, that the property was listed and returned for assessment at its true cash value before a court of equity will interfere and enjoin the collection of the excessive tax."

This rule has been followed in *Williams, County Clerk of Garfield Co. v. Garfield Exchange Bank,* a recent case decided by this court [rehearing pending]. In the case at bar it is not even alleged that the assessment was excessive. The plaintiff seems to rely for relief solely upon the technical irregularity in the raise of assessment.

Therefore, in view of the allegations in the petition, and of the foregoing authorities, we think the plaintiff failed to state facts sufficient to·entitle him to equitable relief, and that the demurrer was properly sustained.

The judgment of the court below should be affirmed.

By the Court: It is so ordered.