## BROCKHAUS v. BAYSINGER, *County Treasurer, et al.*

No. 1962. Opinion Filed August 20, 1912.

(126 Pac. 223.)

1. **TAXATION—Collection of Taxes—Injunction.** In an action to restrain the collection of taxes levied for the year 1905, on the ground that the assessment is excessive, it is necessary for the plaintiff to allege and prove that the property was assessed at more than its fair cash value.

2. **MUNICIPAL CORPORATIONS—Assessment of Taxes—Board of Equalization—Meetings—Notice to Taxpayers.** Under section 9, c. 34, Sess. Laws 1903 (2 Wilson's Rev. & Ann. St. sec. 5990), the city board of equalization was not required to give notice of its meetings, or notice to a taxpayer of its intention to raise his assessment.

(Syllabus by Ames, C.)

*Error from District Court, Woodward County;*
*R. H. Loofbourrow, Judge.*

Action by Herman A. Brockhaus against Guy R. Baysinger, as County Treasurer, and William T. Cooley, as Sheriff of Wood-

ward County, to enjoin them from executing a tax warrant. Judgment for defendants, and plaintiff brings error.    Affirmed.

*D. P. Marum*, for plaintiff in error.

Opinion by AMES, C.  The plaintiff brought suit to enjoin the county treasurer and the sheriff of Woodward county from executing a tax warrant on the ground that his property had been assessed at more than its fair cash value.  He alleged that he had returned it to the assessor for the year 1905 at its fair cash value, and that the city board of equalization had raised it to an amount in excess of its cash value, and that this had been again raised by the territorial board of equalization.  The only complaint made in the petition is that the property was assessed too high.  The case was tried to the court, and on the trial the judge found as a fact that the property was not assessed at more than its cash value.  It is also alleged that the raise was made without any complaint being made that the assessment was insufficient, and that the increase was made without evidence being heard by the city board of equalization.

The trial court having found as a fact that the plaintiff's property was not assessed at more than its fair cash value, the case is governed by the decisions in *Streight v. Durham*, 10 Okla. 361, 61 Pac. 1096, and *Alva State Bank v. Renfrew et al.*, 19 Okla. 26, 62 Pac. 285, where it is held that, in order for an injunction to be allowed in such a case, it devolves upon the plaintiff to allege and prove that the property is assessed at more than its fair cash value, and also that, as the time for the meeting of the board of equalization is fixed by the statute (2 Wilson's Rev. & Ann. St. sec. 5990), notice need not be given to the individuals, and that the board may raise the assessment of an individual. Both of these cases were cited with approval in *Anderson v. Ritterbusch*, 22 Okla. 761, 98 Pac. 1002.

The case should therefore be affirmed.

By the Court:  It is so ordered.